IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

---

COMMONWEALTH OF VIRGINIA,

v.                                                              Case No._____

ALEJANDRO AMAYA,
                       Defendant.

---

## MEMORANDUM IN SUPPORT OF NOTICE OF REMOVAL

Defendant, Alejandro Amaya, through counsel, TATE BYWATER, PLC, submits this Memorandum in support of his Notice of Removal of even date. The legal grounds for removal are well-established in federal law. Unlike some of the other removal statutes, the federal officer removal statute, 28 U.S.C. § 1442, is broadly and liberally construed in light of its purpose, *see Watson v. Philip Morris Co.s*, 551 U.S. 142 (2007), which is nothing less than preserving the ability of the federal government to function through its officers and agents.

Provision for federal removal jurisdiction has been part of federal Judiciary law from its inception. After both expansion and contraction in the wake of the Civil War and Reconstruction, the statutes began to settle into their current pattern. In 1879, the Supreme Court upheld the constitutionality of the then-current federal officer removal statute in these words:

> "As was said in Martin v. Hunter (1 Wheat. 363), `the general government must cease to exist whenever it loses the power of protecting itself in the exercise of its constitutional powers.' It can act only through its officers and agents, and they must act within the States. If, when thus acting, and within the scope of their authority, those officers can be arrested and brought to trial in a State court, for an alleged offence against the law of the State, yet warranted by the Federal authority they possess, and if the general government is powerless to interfere at once for their protection,-if their

protection must be left to the action of the State court,-the operations of the general government may at any time be arrested at the will of one of its members."

*Tennessee v. Davis*, 100 U.S. 257, 262-63 (1879). In 1890, the Court handed down its early leading decision on the related doctrine of federal officer immunity, in *Cunningham v. Neagle*, 135 U.S. 1 (1890) with particular reference to the concerns that State officials (and courts) may at times harbor hostility toward federal officers. In that case, Neagle was a U.S. Deputy Marshal who had been arrested and incarcerated by local California officials, and charged with "murder," for a killing that had occurred in the course of protecting Supreme Court Justice Field from an attack, with the Court holding that, as to Neagle, he

> "was authorized to do by the law of the United States, which it was his duty to do as marshal of the United States, and if, in doing that act, he did no more than what was necessary and proper for him to do, he cannot be guilty of a crime under the law of the State of California."

*Id.* at 672. The two doctrines of federal officer removal and federal officer immunity have developed in parallel ever since.

Of course, it is the case that not every state criminal prosecution against a federal officer will trigger a right of removal or warrant a ruling of federal supremacy immunity. *See North Carolina v. Ivory*, 906 F.2d 999 (4th Cir. 1990) and *North Carolina v. Cisneros*, 947 F.2d 1135 (4th Cir. 1991). Federal officer removal doctrine was refined in *Mesa v. California*, 489 U.S. 135 (1989), which held that a federal defense, which could include federal supremacy immunity, was necessary to support federal officer removal, and that remains the law today.

The removing defendant "need not win his case before he can have it removed," *Texas v. Kleinart*, 855 F.3d 305, 313-14 (5th Cir. 2017), *cert denied*, 138 S. Ct. 642 (2018). To require more than the minimal threshold of a "colorable" defense "would defeat the purpose of the removal statute," *Jefferson County, Alabama v. Acker*, 527 U.S. 424, 432 (1999). "One of the

most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court," *Willingham v. Morgan*, 395 U.S. 402, 407, (1969).

To qualify for removal, a defendant need only show that as a federal officer, he acted "under color of his office" and "raise a colorable federal defense." *See generally Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999). Further, the statute requires only a "casual connection between what the officer has done under asserted official authority and the state prosecution," *Maryland v. Soper*, 270 U.S. 9, 33(1926). In determining whether a "colorable" federal defense has been set forth, the court need only look to the face of the Notice of Removal, taking the facts alleged as true and interpreting them in the light most favorable to the removing party. *See generally Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254-59(4th Cir. 2017); *Wyoming v. Livingston*, 443 F.3d 1211 (10th Cir. 2006); *New York v. Tanella,* 347 F.3d 141 (2d Cir. 2004); *United States v. Todd*, 245 F.3d 691 (8th Cir. 2001).

A "colorable federal defense" is recognized when a "(1) federal agent was performing an act which he was authorized to do by the law of the United States and (2) in performing that authorized act, the federal agent did no more than what was necessary and proper for him to do." *Kentucky v. Long*, 837 F.2d 727, 744 (6th Cir. 1988). Moreover, "(1) the actor must subjectively believe that his action was justified; and (2) that belief must be objectively reasonable." *New York v. Tanella*, 374 F.3d 141, 147 (2d. Cir. 2004) (citing *Whitehead v. Senkowski*, 943 F.2d 230, 234 (2d. Cir. 1991)).

By these standards, Amaya's Notice of Removal is more than sufficient to raise a plausible and colorable federal defense of federal officer immunity under the Supremacy Clause.

WHEREFORE, Defendant, Alejandro Amaya respectfully requests that the above captioned matter currently pending in the Fairfax County Circuit Court be removed to this Court and for such other relief as this Court may deem appropriate.

Dated: November 17, 2020

> Respectfully submitted,
> ALEJANDRO AMAYA
> By Counsel

**TATE BYWATER, PLC**

_____
By: Travis D. Tull, Esquire
VSB No. 47486
2740 Chain Bridge Road
Vienna, Virginia 22181
Tel: 703-038-5100
ttull@tatebywater.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 17th day of November, 2020, hand delivered a true copy of the foregoing to: Fairfax Commonwealth's Attorney, 4110 Chan Bridge Road, Fairfax, VA 22030

_____
Travis D. Tull